MCCLEERY v. BRIGGS.

1. DIVORCE—MODIFICATION OF DECREE—ACCOUNTING.
    Husband's petition for modification of property settlement in divorce proceedings whereby he seeks to reach refund to wife of Federal income taxes which had been paid from funds of partnership, of which they were the sole members, is treated as a suit for an accounting.

2. ACCOUNTING—REFUND OF INCOME TAXES TO PARTNERS—HUSBAND AND WIFE.
    Husband and wife as equal partners in partnership between them in operation of a sheet metal works were each entitled to 1/2 of refund made to her of Federal income taxes which had been paid from partnership funds, notwithstanding that as a part of the same situation the government had modified the partnership arrangement, so far as income taxes were concerned, to require husband to pay 70% of the income taxes and wife only 30% and he had been required to pay additional taxes of $13,680.99 and she was refunded $11,347.-49 after property settlement, incident to intervening divorce, had resulted in her transferring to him her interest in the partnership.

3. COSTS—ACCOUNTING—FAILURE OF EITHER SIDE TO FULLY PREVAIL.
    No costs are allowed in suit for accounting, where neither side has fully prevailed.

Appeal from Jackson; Simpson (John), J. Submitted April 10, 1952. (Docket No. 47, Calendar No. 45,231.) Decided May 16, 1952.

Bill by George L. McCleery against Mildred S. McCleery Briggs to reach certain income tax refunds. Decree for plaintiff. Defendant appeals. Modified.

*Norman E. Leslie* and *Harold R. Leslie* (*Kleinstiver & Anderson,* of counsel), for plaintiff.

*Kelly & Kelly* and *James P. Graham,* for defendant.

North, C. J. This case arose out of a bill in chancery to reach certain Federal income tax refunds. On August 6, 1943, George L. McCleery, plaintiff and appellee herein, and Mildred S. McCleery (now Briggs), defendant and appellant herein, entered into a partnership, the primary purpose of which seems to have been to reduce tax liability, they then being husband and wife. Subsequently marital difficulties developed and the parties were divorced. A property settlement agreement was reached between the parties, wherein defendant assigned to plaintiff all of her interest in the partnership in return for certain moneys and properties. The property settlement agreement was ratified and confirmed by the decree of divorce entered November 26, 1946. Later the United States treasury department, upon auditing the tax returns of the former partnership, determined that for income tax purposes it had not been a bona fide partnership and assessed the tax for the entire income from the partnership to plaintiff. This determination by the bureau of internal revenue was subsequently modified so as to make 70% of the partnership income attributable to plaintiff and 30% to defendant. As a result, plaintiff was required to pay additional taxes for the years 1944, 1945 and 1946, amounting to $13,680.99; and defend-

ant received a refund of $11,347.49. This $11,347.49, which is held by defendant, is the fund which is sought by plaintiff and upon which he seeks to have imposed for his benefit a trust.

The trial court treated plaintiff's bill as one for an accounting and not as a petition for modification of the divorce decree. An accounting was granted and defendant decreed to pay the $11,347.49 to plaintiff. Defendant has appealed.

The testimony shows, and the trial court found, that the primary purpose of the parties in entering into the partnership was to decrease the amount of income taxes paid upon the profits of the partnership business. The partnership agreement provided that each partner was entitled to 50% of the profits of the business. Plaintiff's exhibit 3 shows that $33,913.66 was paid out of partnership funds; $17,298.17 in payment of plaintiff's Federal income taxes, and $16,615.49 in payment of defendant's Federal income taxes. None of the $33,913.66 was paid by plaintiff or defendant individually. Payment of Federal income taxes was treated by both parties as a partnership expense. Neither party anticipated that the treasury department would assess the taxes on 70% of the profits to plaintiff and 30% to defendant.

Defendant claims that inasmuch as the tax refund was to her personally she has the right to retain the whole of the refund, amounting to $11,347.49. We are not fully in accord with the claim of either of these parties. As between themselves they were equal partners, doing business as "McCleery Sheet Metal Works;" and each of the 2 partners was entitled to an equal portion of the profits of the partnership. This item of $11,347.49 was admittedly paid out of partnership funds, was a part of the partnership earnings; and each of the parties to this present suit for an accounting was entitled to one-half of the earnings refunded. Defendant was en-

titled to only one-half of the refund because she was entitled to only one-half of the partnership profits. The same is true of plaintiff in the instant case. Plaintiff's present claim in this accounting suit that he should be decreed the whole of the $11,347.49 is not tenable because incident to the payment of the income tax it was finally determined that the partnership arrangement was not in good faith, and as a result plaintiff herein as an individual was required to pay as an individual the amount of the deficiency, $13,680.99. Plaintiff is not entitled to have his personal deficiency in payment of his income tax paid, wholly or in part, from defendant's one-half interest in the partnership which, as between the parties, did in fact exist; but plaintiff is entitled, because it was in truth partnership funds, to have an accounting by defendant for one-half of the $11,347.49 returned by the bureau of internal revenue to defendant herein.

In arriving at the above conclusion, we are mindful that incident to the divorce proceedings between these parties their settlement of property rights included an assignment by defendant herein to plaintiff herein of "all and singular her undivided interest in and to the assets and good will of the partnership." But clearly that settlement was entered into by reason of a mutual mistake of fact in that neither of the parties to the settlement had any thought or knowledge that a remittance or refund would be made to either of the parties incident to the income taxes for the years 1944, 1945 and 1946. Defendant herein would be unjustly enriched if she were allowed to retain the whole of the partnership money so refunded instead of one-half thereof.

A decree may be entered in this Court in accordance herewith, but without costs to either of the litigants inasmuch as neither fully prevailed.

DETHMERS, BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.